UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES E. FLOWERS (# 124854)** | **CIVIL ACTION** |
| **VERSUS** | |
| **LESLIE DUPONT, ET AL.** | **NO. 16-0263-SDD-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 8, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES E. FLOWERS (# 124854)**                                   **CIVIL ACTION**

**VERSUS**

**LESLIE DUPONT, ET AL.**                                              **NO. 16-0263-SDD-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss (R. Doc. 8). This Motion is not opposed.

*Pro se P*laintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Deputy Warden Leslie Dupont, Ass't Warden Chad Menzina, Ass't Warden Barrett Boeker and Sgt. David Lane, complaining that his constitutional rights were violated on August 14, 2015 when Defendant Lane failed to protect Plaintiff from harm at the hands of a co-inmate, resulting in Plaintiff sustaining injury on that date.[1]

In the instant motion, Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's claim asserted against them in their official capacities for monetary damages.[2]   In this regard, Defendants are correct that §

---

1   On page 4 of Plaintiff's original Complaint, R. Doc. 1, he listed former LSP Head Warden N. Burl Cain as a defendant herein.   Notwithstanding, it further appears that Warden Cain's name was intentionally struck from the Caption of the Complaint before submission to the Court, and it further appears that there are no factual allegations whatever made relative to Warden Cain. Accordingly, the Court interprets the Complaint as not including Warden Cain as a defendant herein.

2   Whereas Plaintiff's Complaint is unclear as to whether he is suing Defendants in their individual or their official capacities, the Court liberally interprets Plaintiff's Complaint as naming

1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, Plaintiff's claim asserted against Defendants in their official capacity for monetary damages is subject to dismissal. In contrast, Plaintiff's claim for monetary damages asserted against Defendants in their individual capacities remains theoretically viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. In addition, a claim for injunctive relief asserted against state officials in their official capacities is not barred by the Eleventh Amendment because such a claim is also not seen to be a claim asserted against the state. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 Am. Jur. 2d *Civil Rights* § 101.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court addressed the standard of pleading that a plaintiff must meet in order to survive

---

Defendants in both capacities. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (instructing that the pleadings of *pro se* plaintiffs should be interpreted liberally).

a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly, supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed pro se is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678. The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, Plaintiff alleges that on August 14, 2015, he was involved in a verbal

confrontation with a co-inmate, Gavin Taylor, which confrontation was allegedly overheard by Defendant David Lane who was assigned to the cell tier on that date and who was walking down the tier to punch the time clock.   According to Plaintiff, Defendant Lane instructed both inmates to be quiet but then overheard the co-inmate threaten to inflict harm upon Plaintiff when the co-inmate was later released from his cell for his assigned tier hour.   Plaintiff alleges that he stopped Defendant Lane "to let him know that a threat had been made against him by Offender Taylor [and] …pleaded with Officer Lane to be aware that Offender Taylor might attempt harm against him during Taylor's tier hour."   Plaintiff alleges that Defendant Lane responded that he would "look into the matter" but then failed to take any action to separate the inmates or to notify superior officers of the explicit threat.   A short while later, according to Plaintiff, Offender Taylor was released from his cell for his tier hour and proceeded to throw a liquid substance that he had retrieved from his cell into Plaintiff's face, allegedly causing injury to Plaintiff's eyes.   Plaintiff alleges that prison rules mandate that inmates be physically separated when there is a danger of physical confrontation between them, and Plaintiff complains that Defendant Lane failed to comply with this requirement and that Defendants Barrett Boeker and Chad Menzina failed to properly train Defendant Lane in the operating procedures at LSP.

In response to Plaintiff's allegations, Defendants assert that they are entitled to qualified immunity in connection with Plaintiff's claims.   Specifically, Defendants contend that Plaintiff's allegations are insufficient to establish that any of them has participated in a violation of Plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.   *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012).   Taking the facts as alleged in the light most favorable to Plaintiff,

the Court considers whether Defendants' conduct violated Plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement"). Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Saucier v. Katz, supra*, 194 U.S. at 201. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Id.* at 202.

Undertaking the qualified immunity analysis with respect to Plaintiff's claims, the Court first concludes that Defendants' Motion to Dismiss should be denied relative to Defendant David Lane. In this regard, "[p]rison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners." *Campbell v. Miles*, 228 F.3d 409 (5th Cir. 2000), *quoting Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995). *See also Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003), *citing Farmer v. Brennan, supra*, 511 U.S. at 834. Prison officials may be found liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. *Id*. A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *Id*. "Deliberate indifference" requires a

showing of a conscious or callous indifference to an inmate's rights and has been defined as including an element of "subjective recklessness" as used in the criminal law. *Farmer v. Brennan, supra*, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Further, the deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Based upon the foregoing, the Court finds that Plaintiff has adequately alleged facts that state a potential claim of constitutional dimension relative to Defendant Lane. Specifically, Plaintiff has alleged that on August 14, 2015, Defendant Lane both overheard an explicit threat of violence made against Plaintiff by co-inmate Gavin Taylor and also that Plaintiff spoke directly to Defendant Lane about the threat and requested assistance. According to Plaintiff, Defendant Lane verbally acknowledged awareness of Plaintiff's concern and informed Plaintiff that he would "look into it." Notwithstanding, Defendant Lane apparently took no action in response to Plaintiff's concerns, and co-inmate Taylor in fact attacked Plaintiff later that evening exactly as had been threatened. Accordingly, accepting Plaintiff's allegations as true, it appears that Defendant Lane was made aware of facts suggesting that Plaintiff faced a substantial risk of violence at the hands of co-inmate Taylor yet failed to take any action, reasonable or otherwise, to protect Plaintiff from the potential harm. This is sufficient, at this stage of the proceedings, to state a claim and to defeat Defendant Lane's Motion to Dismiss. *See Horton v. Cockrell*, 70 F.3d 397 (5th Cir. 1995) (overturning the dismissal of an inmate's failure-to-protect claim where the inmate alleged that he had made specific complaints to prison officials about a potential assault by a co-inmate).

Notwithstanding the foregoing, the Court finds, in contrast, that Plaintiff has failed to state a claim upon which relief may be granted relative to the remaining Defendants named herein. In this regard, in order for a prison official to be found liable under § 1983, the official must be shown to have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be shown to be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that a named Defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate Plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying this standard in connection with Plaintiff's allegations relative to the three remaining defendants in his case, it is clear that there is no factual basis upon which to support a finding of liability in connection with these defendants. First, with regard to Defendant Leslie Dupont, Plaintiff provides no factual allegations whatever as to this defendant and merely includes him in the list of defendants in the Caption of the Complaint. Second, as to Defendants Chad

Menzina and Barrett Boeker, Plaintiff does no more than assert, in a conclusory fashion, that these defendants failed to discipline Defendant Lane for his conduct and exhibited deliberate indifference "by not properly training Defendant Lane in the manner of controlling such situations."  *See* R. Doc. 1 at p. 8.   This is not sufficient to raise Plaintiff's claim for relief above a "speculative" level or provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal, supra*.   In the first place, there is no constitutional right to compel state officials to impose discipline against a prison employee.   Further, although Plaintiff alleges that these supervisory Defendants, Menzina and Boeker, failed to properly train Defendant Lane, this is a purely conclusory assertion and is supported only by reference to the single incident complained of by Plaintiff herein.  A single incidence of wrongdoing, however, does not generally support an inference that training practices implemented by prison officials are unconstitutional as a whole.  *See Bolden v. Young,* 2009 WL 1651333, *4 (M.D. La. June 10, 2009).   In the instant case, there is no suggestion that either Defendant Menzina or Boeker was present when the incident occurred, had any notice whatever that Plaintiff faced danger at the hands of the offending co-inmate,3 or had ever had any involvement in Defendant Lane's training so as to support a finding of liability.  Accordingly, Plaintiff's conclusory assertion that these Defendants were deliberately indifferent to his safety because of their failure to train Defendant Lane is not supported by Plaintiff's factual allegations and must be dismissed.4   *See Silva v. Moses,* 542 Fed. Appx. 308, 311 (5th Cir. 2013) ("conclusory

---

3   In fact, the Complaint specifically alleges that Defendant Lane did not notify his supervisors of the threat.  *See* R. Doc. 1, p. 7.

4   The Court further notes that there is no reference in Plaintiff's pertinent administrative grievance relative to any alleged failure to train on the part of Defendants Menzina and Boeker.  *See* attachments to R. Doc. 9.  Thus, it appears that Plaintiff may have failed to administratively exhaust his failure-to-train claim as mandated by 42 U.S.C. § 1997e.

allegations that the defendants failed to properly train or supervise staff … do not state a claim that [defendants] knew of and disregarded conditions posing a risk of serious harm to [plaintiff]"); *Brumfield v. Hollins*, 551 F.3d 322, 329 (5th Cir. 2008).

## **RECOMMENDATION**

It is recommended that Defendants' Motion to Dismiss (R. Doc. 8) be granted in part, dismissing Plaintiff's claim for monetary damages asserted against Defendants in their official capacities and dismissing all of Plaintiff's claims asserted against Defendants Leslie Dupont, Chad Menzina and Barrett Boeker, with prejudice. It is further recommended that the Motion to Dismiss be otherwise denied relative to Defendant David Lane and that this matter be referred back for further proceedings in connection with Plaintiff's claim that Defendant Lane, in his individual capacity, violated Plaintiff's constitutional rights by failing to protect Plaintiff from harm at the hands of a co-inmate on August 14, 2015.

Signed in Baton Rouge, Louisiana, on June 8, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**