# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JAMES E. FLOWERS (# 124854)**                         **CIVIL ACTION**

**VERSUS**

**LESLIE DUPONT, ET AL.**                                **NO. 16-0263-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 10, 2018.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JAMES E. FLOWERS (# 124854)**                                              **CIVIL ACTION**

**VERSUS**

**LESLIE DUPONT, ET AL.**                                                              **NO. 16-0263-SDD-EWD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment of the remaining Defendant in this case, David Lane (R. Doc. 20).    This Motion is not opposed.

*Pro se P*laintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Deputy Warden Leslie Dupont, Ass't Warden Chad Menzina, Ass't Warden Barrett Boeker and Sgt. David Lane, complaining that his constitutional rights were violated on August 14, 2015 when Defendant Lane failed to protect Plaintiff from harm at the hands of a co-inmate, resulting in Plaintiff sustaining injury on that date. Pursuant to earlier Magistrate Judge's Report in this case (R. Doc. 11), approved by the assigned District Judge on August 15, 2017 (R. Doc. 15), the Court has dismissed Plaintiff's claims asserted against Defendants Leslie Dupont, Chad Menzina and Barrett Boeker, as well as Plaintiff's claim for monetary damages asserted against Defendant David Lane in the Defendant's official capacity.

Defendant Lane now moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts,[1] certified copies of Plaintiff's pertinent medical records, a certified copy of Plaintiff's Enemy List, and the affidavit of Defendant David Lane.

---

1    Defendant's Statement of Undisputed Facts is not captioned as such, *see* R. Doc. 20-2, but

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v.*

---

it is clear that this is what Defendant intended in submitting the referenced pleading.

*Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, Plaintiff alleges that on August 14, 2015, he was involved in a verbal confrontation with a co-inmate, Gavin Taylor, which confrontation was allegedly overheard by Defendant David Lane who was assigned to the cell tier on that date and who was walking down the tier to punch the time clock. According to Plaintiff, Defendant Lane instructed both inmates to be quiet, but Plaintiff asserts that Defendant Lane then overheard the co-inmate threaten to inflict harm upon Plaintiff when the co-inmate was later released from his cell for his assigned tier hour. Plaintiff alleges that he stopped Defendant Lane "to let him know that a threat had been made against him by Offender Taylor [and] …pleaded with Officer Lane to be aware that Offender Taylor might attempt harm against him during Taylor's tier hour." Plaintiff alleges that Defendant Lane responded that he would "look into the matter" but then failed to take any action to separate the inmates or to notify superior officers of the explicit threat. A short while later, according to Plaintiff, Offender Taylor was released from his cell for his tier hour of exercise and proceeded to throw a liquid substance that he had retrieved from his cell into Plaintiff's face, allegedly causing injury to Plaintiff's eyes. Plaintiff alleges that prison rules mandate that inmates be physically separated when there is a danger of physical confrontation between them, and Plaintiff complains that Defendant Lane failed to comply with this requirement.

In response to Plaintiff's allegations, Defendant Lane asserts that he is entitled to qualified immunity in connection with Plaintiff's claims. Specifically, Defendant Lane contends that Plaintiff's allegations and evidentiary showing are not sufficient to establish that Defendant Lane participated in a violation of Plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473

Fed. Appx. 398 (5th Cir. 2012). Taking the facts as alleged in the light most favorable to Plaintiff, the Court considers whether Defendant's conduct violated Plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement"). Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Saucier v. Katz, supra*, 194 U.S. at 201. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Id.* at 202.

Undertaking the qualified immunity analysis with respect to Plaintiff's claims, the Court concludes that Defendant Lane's Motion for Summary judgment should be granted. In this regard, "[p]rison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners." *Campbell v. Miles*, 228 F.3d 409 (5th Cir. 2000), *quoting Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995). *See also Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003), *citing Farmer v. Brennan, supra*, 511 U.S. at 834. Prison officials may be found liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. *Id*. A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or

safety" and disregards that risk. *Id*. "Deliberate indifference" requires a showing of a conscious or callous indifference to an inmate's rights and has been defined as including an element of "subjective recklessness" as used in the criminal law. *Farmer v. Brennan, supra*, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Further, the deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Based upon the foregoing, the Court finds that Plaintiff has failed to make a showing sufficient to defeat Defendant Lane's Motion for Summary Judgment. Specifically, Defendant Lane has presented an unrefuted affidavit attesting that on the referenced date, August 14, 2015, he was in fact assigned to the cell tier where Plaintiff was housed and, upon reporting to his post, "proceeded to walk down the tier to the time clock at the end of the tier to punch [his] time card." According to Defendant Lane's sworn statement, however, he neither heard any threat made against Plaintiff at that time by the offending co-inmate (or by any other inmate) nor did Plaintiff report such a threat or request protection from the Defendant. According to Defendant Lane, the first awareness he had of any problem between Plaintiff and the offending co-inmate was when he heard a commotion on the cell tier and, upon going to the head of the tier, observed the offending co-inmate standing outside Plaintiff's cell and observed a gray liquid all over the floor and splattered on the walls of the tier and on the bars of Plaintiff's cell. Defendant Lane attests that he activated his beeper to call for assistance from a supervisor, and an ambulance subsequently arrived and transported Plaintiff to the prison infirmary. Defendant Lane explicitly asserts that

he had no prior knowledge or indication that there was any potential for harm to Plaintiff at the hands of the offending co-inmate.

Based upon the foregoing unrefuted affidavit and in the absence of any response by Plaintiff, any opposition to the instant motion, or any evidentiary showing whatever that calls into question the factual assertions contained in Defendant's affidavit, the Court concludes that summary judgment is appropriate in this case. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his prior pleadings or unsworn Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Further, pursuant to Local Civil Rule 56(b) of this Court, Plaintiff's failure to oppose Defendant's motions for summary judgment allows the Court to conclude that all of the facts contained in Defendant's Statement of Uncontested Material Facts are deemed to be admitted. In the instant case, despite notice and an opportunity to appear, Plaintiff has not come forward with any opposition to Defendant's Motion for Summary Judgment or to the affidavit and documentary

evidence produced in support thereof. Therefore, based upon Plaintiff's failure in this case to oppose Defendant's Motion, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that Defendant's Motion is well-taken and that Defendant David Lane is entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment of Defendant David Lane (R. Doc. 20) be granted, dismissing Plaintiff's claim asserted against this Defendant, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on September 10, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**